UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:14-cv-142-HRW

UNITED STATES OF AMERICA                                                         PLAINTIFF

V.  **RESPONSE IN OPPOSITION TO CLAIMANT PAUL R. VERNIER, JR.'S PETITION FOR PARTIAL RELEASE OF SEIZED PROPERTY**

**REAL PROPERTIES LOCATED IN SCIOTO AND
LAWRENCE COUNTIES, OHIO, WITH ALL IMPROVEMENTS
AND APPURTENANCES THEREON, OWNED BY
PAUL R. VERNIER, SHERRY L. VERNIER, AND
BLESSED REALTY, LLC, ET AL.**                                                  DEFENDANTS

\* \* \* \* \*

The United States of America hereby submits this Response in Opposition to Claimant Paul R. Vernier, Jr.'s Petition for Partial Release of Seized Property for Cost of Defense (the "Motion") [DE 88], and in support thereof states as follows:

### BACKGROUND

The United States initiated this civil forfeiture action on or about September 23, 2014, against property that it alleges represents proceeds of drug trafficking and/or was used to facilitate drug trafficking, represents proceeds of money laundering and/or was involved in money laundering offenses, and/or represents proceeds of health care fraud. [Verified Complaint, DE 1.] The United States twice amended its complaint to include additional property for forfeiture. [Amended Verified Complaint, DE 6; Second Amended Verified Complaint, DE 9.] The Second Amended Complaint seeks to forfeit

twelve pieces of real property and funds seized from seven financial accounts pursuant to 21 U.S.C. § 881(a)(6) and (7) and 18 U.S.C. § 981(a)(1)(A) and (C). As outlined in the Affidavit of Special Agent Jared Sullivan attached to the Second Amended Complaint, the United States maintains that Vernier owned and operated Community Counseling and Treatment Services ("CCTS"), a purported addiction treatment clinic that, along with its physicians and proprietors, unlawfully diverted controlled substances, including Suboxone, in violation of 18 U.S.C. § 841, engaged in fraudulent billing practices in violation of 18 U.S.C. § 1347, and laundered criminal proceeds in violation of 18 U.S.C. §§ 1956 and 1957.

Vernier filed a Verified Claim [DE 19] on or about August 18, 2016, to two pieces of real property and funds seized from six financial accounts. In particular, Vernier claimed an interest in the following seized funds:

- $28,198.43 seized from First & Peoples Bank and Trust Co. account ending x305 in the name of Paul R. Vernier, Jr.;

- $106,440.70 seized from First & Peoples Bank and Trust Co. account ending x793 in the name of Paul R. Vernier, Jr., and Sherry L. Vernier;

- $40,899.72 seized from First & Peoples Bank and Trust Co. account ending x864 in the name of Blessed Realty, LLC;

- Funds seized in place in AXA Equitable annuity account ending x259 in the name of Paul R. Vernier, Jr., valued at the time of filing at $36,000.00; and

- $85,525.43 seized from PNC Bank account ending x788 in the name of Paul R. Vernier, Jr., and Sherry L. Vernier.

On or about January 10, 2017, this Court entered an order staying this case pending the conclusion of the ongoing criminal investigation. [Order, DE 67.] Vernier agreed to the

2

stay of this case and has not otherwise sought any relief from it to date. [*See* Motion for Stay, DE 66, at 1-2.]

On or about March 27, 2019, a grand jury in Lawrence, County, Ohio, returned charges against Vernier for aggravated theft, Medicaid fraud, drug trafficking, money laundering, and engaging in a pattern of corrupt activity. [*See* Indictment, attached hereto as Exhibit 1.] In late December 2019, Vernier filed a motion with the state court seeking the release of certain funds seized by the United States and named as parties to this action. [*See* Motion for Release of Funds, attached hereto as Exhibit 2.] Shortly thereafter, Vernier's criminal defense counsel contacted the undersigned counsel and requested that the United States agree to release a portion of the seized funds as outlined in the state-court motion. The United States, through undersigned counsel, advised Vernier's counsel that the state court lacked jurisdiction to order the release of the funds seized by the federal government, but nevertheless offered to consider the limited release of funds for his defense of the criminal action if he could offer proof meeting the *Jones-Farmer* standard. *See, e.g.*, *United States v. Jamieson*, 427 F.3d 394, 406-07 (6th Cir. 2005); *United States v. Lindsay Lane*, No. 1:04-cv-56, 2005 U.S. Dist. LEXIS 17333, *14-15 (W.D. Ky. Aug. 16, 2005). In particular, the undersigned counsel explained that the United States would need proof that (1) Vernier lacked sufficient funds for his defense and (2) that there is reason to believe that the seized assets do not constitute criminal proceeds, as outlined in the United States's complaint. [*See* January 22, 2020 E-mail, attached as Exhibit 3.]

Two months later, Vernier filed under seal and provided to the United States a supplement to his state-court motion, including various financial documents like his 2018 tax return, an itemization of his monthly personal expenses, and statements from two of his accounts. But Vernier did not provide any evidence to refute the United States's contention that the seized assets constitute criminal proceeds, and the United States would not agree to release any of the seized funds. In June 2020, the state court indicated that it would delay ruling on Vernier's motion for release of funds to give Vernier time to seek relief from the federal court given the government's action against the property.

Vernier now has moved this court for the release of funds. Vernier includes with his motion a letter that his counsel sent to the United States requesting "the immediate release of all, or a substantial portion (not less than $100,000.00) of the seized assets." [January 12, 2021 Letter, DE 88-2.] This letter was sent to the prior lead forfeiture counsel for the United States, not the undersigned counsel. The undersigned counsel has not only made an appearance in this case, but also has been the only one negotiating on behalf of the government with Vernier's criminal defense counsel regarding the release of funds and is now acting as lead counsel in this forfeiture matter.[1] The former forfeiture counsel to whom the letter was addressed did not receive the correspondence and, thus, could not pass it along to the undersigned counsel. Regardless, for the reasons outlined below, the United States opposes Vernier's request.

---

[1] The undersigned counsel has alerted Vernier's counsel that any future correspondence should be directed to her.

# ARGUMENT

By its very terms, 18 U.S.C. § 983(f) precludes the release of the funds sought by Vernier's Motion. This provision states that a claimant in a civil forfeiture proceeding is entitled to the immediate release of seized property if certain conditions are present, but it applies only in those limited circumstances and explicitly excludes seized currency from its application. 18 U.S.C. § 983(f)(1)(E) and (8)(A); *see United States v. Contents of Accounts*, 629 F.3d 601, 607 (6th Cir. 2011) ("[Section] 983(f) provides a detailed and comprehensive mechanism for obtaining the release of seized property, but also strictly limits the situations in which such relief is available."). The only exception for the release of seized currency under this hardship provision is if it "constitutes the assets of a legitimate business which has been seized." 18 U.S.C. § 983(f)(8)(A); *see also Contents of Accounts*, 629 F.3d at 608 (noting that the defendants were not entitled to the release of seized funds under § 983(f) unless they could show that their business constituted a legitimate business that had been seized); *United States v. Approx. up to $15,034,663 in Funds Contained in Ten Bank Accounts*, 844 F. Supp. 2d 1216, 1217-18 (D. Utah 2011) (collecting cases) (explaining that § 983(f) only allows the release of seized currency if a legitimate business has been seized). But no legitimate business has been seized here.

The nature of the hardship provision outlined in § 983(f) also makes clear that its application to seized currency would not be appropriate. For example, two of the conditions for release emphasize the importance that the property released remain available for forfeiture. *See* 18 U.S.C. § 983(f)(1)(B) and (D). And § 983(f)(7) outlines various actions that the court may take to ensure that the property's value is maintained if

it is released to the claimant while the forfeiture action is pending (e.g., requiring a bond or insurance or permitting the filing of a lien against the property). Rather than seized currency, the hardship provision is intended for items such as vehicles or property used as businesses, which could be released to a claimant while the forfeiture action is pending without affecting their value. *See Contents of Accounts*, 629 F.3d at 607-08 (quoting H.R. Rep. No. 106-192, at 11 (1999)) (noting the legislative history's reference to application of § 983(f) for property used as a business, a car, or a house); *United States v. $1,231,349.68 in Funds*, 227 F. Supp. 2d 125, 129 (D.D.C. 2002) (denying a petition for the release of seized cash, but granting a petition for the release of a family car).

Accordingly, even setting aside the express exclusion of seized currency in § 983(f)(1)(E) and (8)(A), Vernier could not satisfy the other conditions for release set forth in § 983(f)(1). Section 983(f)(1)(B) requires the claimant to have "sufficient ties to the community *to provide assurance that the property will be available at the time of the trial*," and Section 983(f)(1)(D) requires the likely hardship to outweigh "the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding." (Emphasis added). Thus, as noted above, "[Section] 983(f) places great emphasis on ensuring the preservation of any released property pending final disposition of forfeiture proceedings." *United States v. Undetermined Amount of U.S. Currency*, 376 F.3d 260, 265 (4th Cir. 2004). But here, Vernier seeks the release of funds to use for his defense of the pending state criminal action—in other words, he seeks the release of funds for their dissipation. Under these circumstances, there is no way to ensure the availability of the property for forfeiture as

required by these provisions. *See United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 434-35 (6th Cir. 2016) ("[B]ecause the [claimants] sought the funds to pay their taxes and accountants, they could not demonstrate that the funds would be available at the time of trial."); *Undetermined Amount of U.S. Currency*, 376 F.3d at 265-76 (refusing to allow the release of seized funds for the payment of attorneys' fees as the risk of loss or dissipation of the funds was almost certain).

In his Motion, Vernier simply glosses over § 983(f)(1)(E) and (8)(A), stating without explanation that he "satisfies each element of Section 983(f)(1)" and that "subsection 983(f)(8) does not prevent the application of Section 983(f)(1) under the present circumstances." [DE 88 at 5.] In addition, he focuses solely on his asserted possessory interest in the property at issue and his alleged substantial hardship from his inability to fund his criminal defense, ignoring entirely the other requirements for release in § 983(f)(1). The claimant has the burden of demonstrating that *all* of the conditions are met for an order releasing property under this hardship provision. *Undetermined Amount of U.S. Currency*, 376 F.3d at 265 & 268 n.8. Because Vernier has not met that burden here, and cannot do so, the Motion must be denied.

Finally, not only is the release of the seized property unwarranted in this case under the hardship provision in § 983(f)(1), but there are no other legal or equitable bases for the release of these funds at this time. The property at issue was seized on a finding of probable cause, and the forfeiture complaint sufficiently states a claim against the assets. Moreover, Vernier has not and does not challenge the current stay of these proceedings pending the criminal action against him, which is unsurprising given that it protects his

right against self-incrimination. *See, e.g.*, *United States v. 249-20 Cambria Ave.*, 21 F. Supp. 3d 254, 263 (E.D.N.Y. 2014). Nor could Vernier satisfy the *Jones-Farmer* standard for a probable cause hearing regarding the release of seized funds, given that he has not provided support for his claim to lack the ability to pay for legal counsel[2] or made a prima facia showing of a bona fide reason to believe that the court erred in finding probable cause for the seizure of the property at issue. *See Jamieson*, 427 F.3d at 405-07 (citing *United States v. Jones*, 160 F.3d 641, 646-47 (10th Cir. 1998)); *United States v. Farmer*, 274 F.3d 800, 804-05 (4th Cir. 2001). And importantly, "a criminal defendant has no constitutional right to use forfeitable property to pay counsel." *Undetermined Amount of U.S. Currency*, 376 F.3d at 269 (citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-33 (1989); *United States v. Monsanto*, 491 U.S. 600, 614-16 (1989); *Farmer*, 274 F.3d at 802-03).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Vernier's Motion.

---

[2] Vernier attaches an Affidavit to his Motion, wherein he states that he lacks sufficient funds for his defense, but does not otherwise attest to or offer proof of the assets that he does have or his ability to earn income.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        ACTING UNITED STATES ATTORNEY

By:   /s/ Haley Trogdlen McCauley
       Assistant United States Attorney
       260 West Vine Street, Suite 300
       Lexington, Kentucky 40507
       Phone: (859) 685-4831
       Fax: (859) 233-2658
       E-mail: Haley.McCauley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to all parties of record.

        /s/ Haley Trogdlen McCauley
        Assistant United States Attorney