122719CGE(3-14:193.10)

## IN THE COURT OF COMMON PLEAS
## LAWRENCE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | |
| Plaintiff, | * | CASE NO. 19-CR-114 |
| vs. | * | |
| PAUL R. VERNIER, | * | JUDGE CHRISTEN N. FINLEY |
| Defendant. | * | |

## MOTION FOR RELEASE OF FUNDS

Now comes the Defendant, Paul R. Vernier, Jr., by and through counsel, and respectfully moves this Court to order the release of certain funds currently believed to be under the control of the Plaintiff, State of Ohio, for use in his defense against his charges involved in this case.

### MEMORANDUM

As this Court is aware through prior discussions, the Defendant, Paul R. Vernier, Jr., has been subject to civil forfeiture proceedings, dating back some time. A number of his personal and/or business accounts were frozen, and to the best of his knowledge and belief, they remain frozen. All, or a significant portion, of the property subject to civil forfeiture is also contained within Forfeiture Specifications in the present Indictment. At least two (2) of those accounts are of a personal nature and had account balances from Mr. Vernier and his wife's personal income and assets which predate the earliest allegation in the Indictment of March 24, 2014. The first of those accounts is described in "Specification of Forfeiture E", which is a PNC bank account with an account number ending in 0788, belonging to Paul and Sherry Vernier. This account is represented in the Indictment as having a value of $85,525.43. Mr. Vernier has records showing



GOVERNMENT EXHIBIT 2

that, as of March 21, 2014, the account had a balance of $5,905.12. Thereafter, from March 28, 2014 through September 26, 2014, Sherry Vernier's personal paychecks from Hand of Hope continued to be deposited into that account in the amount of approximately $1,436.00 every two (2) weeks, totaling just over $20,100.00 during that period of time. All of these funds described are totally unrelated to the criminal allegations and either predate or have no connection whatsoever to the allegations contained in the Indictment. As a result, these funds in the amount of approximately $26,000.00 should be released to Mr. Vernier for use in his defense.

In addition, "Specification of Forfeiture F – Investment Account" describes an AXA Equitable Annuity investment account belonging to Paul Vernier, with a value of approximately $36,000.00, as of the time of seizure. Mr. Vernier has records demonstrating that account had a value of approximately $25,300.00 as of March 21, 2014. Again, these funds predate any offenses as alleged in the Indictment, and they are in no way associated with any allegations contained in the Indictment. As a result, funds from that account in the amount of approximately $25,300.00 should also be released to Mr. Vernier for use in his defense.

As this Court is aware, the charges contained in the Indictment allege very serious criminal offenses against Mr. Vernier, and in order to properly defend himself against these charges, taking into account the vast resources of the State, Mr. Vernier desperately requires access to these funds. These funds are anticipated to be used to pay counsel for past and future representation in this matter, and they will also be used to hire one (1) or more expert witnesses to examine the very voluminous discovery provided by the State.

As a result of his lack of sufficient funds, Mr. Vernier has, to date, not been able to take the steps necessary to properly defend himself. In the event he is not permitted access to these requested funds, Mr. Vernier will be highly prejudiced and at a distinct disadvantage at trial.

As this Court may also be aware, there is a large sum of cash and property seized in this matter related to the Civil Forfeiture proceeding, totaling well over $1,500,000.00. It therefore would not prejudice the State, or any other party, to release such a small fraction of the seized funds, which Mr. Vernier can clearly demonstrate originated from sources unrelated to the allegations contained in the Indictment, and which were accumulated prior to the earliest allegation asserted in the Indictment.

**WHEREFORE**, the Defendant, Paul R. Vernier, Jr., respectfully requests that the Court order funds in the approximate amount of $51,300.00 be released to him from his PNC Bank account and his AXA Equitable Annuity investment account forthwith so that he may adequately defend himself against these charges; and for any and all other relief to which he may appear entitled.

McBrayer, McGinnis & Leslie
402 Main Street, Suite 2
P. O. Box 280
Greenup, KY 41144-0280
Telephone: (606)473-7303
Facsimile: (606)473-9003
mattwisecup@mmlkadvantage.com

BY: _____
MATTHEW A. WISECUP (Bar #0083954)
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing has been served upon the following by fax, e-mail and/or regular U.S. mail this 30th day of December, 2019

Christopher L. Kinsler, Esq.
Assistant Section Chief, Special Prosecutions
Office of the Ohio Attorney General
150 E. Gay Street, 16th Floor
Columbus, OH 43215

Judge Christen N. Finley
Lawrence County Court of Common Pleas
Lawrence County Courthouse
111 S. 4th Street
Ironton, OH 45638

Original to:

Clerk of Courts
Lawrence County Court of Common Pleas
Lawrence County Courthouse
111 S. 4th Street, #11
Ironton, OH 45638

MATTHEW A. WISECUP (Bar #0083954)